IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM GEORGE,** | : | **CIVIL NO. 1:11-CV-01462** |
| | : | |
| **Petitioner** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **MARIROSA LAMAS,** *et al.*, | : | |
| | : | |
| **Respondents** | : | |

**M E M O R A N D U M**

Petitioner Kareem George ("George"), who is presently incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview") in Bellfonte, Pennsylvania, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 1.) In the petition, George challenges his August 27, 2007 guilty plea and judgment of sentence in the Court of Common Pleas of Dauphin County, Pennsylvania ("trial court" or "Dauphin County court"). For the reasons that follow, the petition will be denied.

I. **Background**

On August 27, 2007, George pleaded guilty to third-degree murder; three counts of recklessly endangering another person; possession of a firearm prohibited; carrying a firearm without a license; and flight to avoid apprehension, in the Dauphin

County court.  (*See* Doc. 15-2, Ex. A, Docket sheet, *Commonwealth v. George*, CP-22-CR-0002215-2005 (2005).)  On that same date, the Dauphin County court sentenced him to an aggregate term of imprisonment of fifteen to thirty years, and imposed related fines and costs.  George was represented by counsel at the guilty plea and sentencing.  (*See id.*)

George did not file a direct appeal to the Superior Court of Pennsylvania.  On August 21, 2008, George filed a *pro se* petition for post conviction collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA").  *See* 42 Pa. Cons. Stat. Ann. §§ 9541-9546.  (*See* Doc. 15-2, Ex. A.)  In his PCRA petition, George raised the following issues:

9.  Petitioner asserts three (3) instances of ineffective assistance of counsel which are as follows:

A.  Counsel's advice, and lack thereof, to Petitioner was not within the range of competence demanded of attorney's [sic] in criminal cases;

B.  Counsel failed to conduct any investigation into the case's facts and circumstances before advising Petitioner to plead guilty; and

C.  Counsel failed to pursue reasonable alternatives to protect his client's interests such as raising the right to a speedy trial, which affected Petitioner's ability to pay an attorney and contributed to the stress of fighting a capital case.

10.  Petitioner has obtained exculpatory evidence that has become available subsequent to his plea which would have changed the decision

to enter the plea had it been known and/or introduced. This evidence consists of affidavits by Jessica Rivera and Dale Dennis.

(Doc. 15-2 at 52, Ex. C, PCRA Petition.)

On August 29, 2008, the trial court, now sitting as the PCRA court, appointed William Shreve, Esquire, as counsel for George and granted George leave to file a supplemental PCRA petition. (*See* Doc. 15-2, Ex. A.) After being granted an extension of time, on January 20, 2009, counsel filed a motion for an evidentiary hearing pursuant to the PCRA, requesting a hearing based on George's assertions set forth in his *pro se* PCRA petition and a review of the guilty plea transcript. (*Id.*; Doc. 15-2 at 83.) On April 14, 2009, the PCRA court issued a order noticing its intention to dismiss the PCRA petition within twenty days of the date of the order. (*See* Doc. 15-2, Ex. D, Mem. Op. & Order.) On April 30, 2009, George filed *pro se* objections to the PCRA court's order. (Doc. 15-2, Ex. A.) On October 22, 2009, the PCRA court dismissed the PCRA petition without a hearing. (*Id.*)

On November 6, 2009, George filed a counseled notice of appeal. (*Id.*) On November 12, 2009, George's counsel filed in the PCRA court a motion to withdraw as counsel and for an extension of time for George to file a *pro se* notice of appeal. (*Id.*) On December 11, 2009, the PCRA court conducted a hearing to determine whether George knowingly and voluntarily waived his right to counsel and to appear

3

*pro se* pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (1998) ("*Grazier*

hearing"). (*Id.*) Following the *Grazier* hearing, on December 18, 2009, the PCRA

court granted George leave to proceed *pro se* and granted counsel's request to

withdraw. (*Id.*) The court also provided George with thirty days to file a *pro se*

notice of appeal. (*Id.*)

On January 8, 2010, George filed a *pro se* notice of appeal *nunc pro tunc*. (*Id.*)

In the appeal, George raised the following issues:

> 1.  Is the PCRA court's decision to dismiss Appellant's four (4) claims
> for relief raised in his PCRA petition supported by the record and free of
> legal error?
>
> * * *
>
> 2.  Is the post-conviction record sufficiently developed to permit
> meaningful appellate review?
>
> * * *
>
> 3.  Did the PCRA court's failure to address any of Appellant's four (4)
> claims for relief in its memorandum opinion and order, giving notice of
> intent to dismiss pursuant to Pa.R.Crim.P. 907(1), deny Appellant due
> process of law?
>
> * * *
>
> 4.  Did the PCRA court erroneously apply the standard for withdrawal of
> a guilty plea under 42 Pa. C.S. § 9543(a)(2)(iii), instead of the standard
> for proving ineffective assistance of counsel under 42 Pa. C.S. §
> 9543(a)(2)(ii)?

\* \* \*

5.  Did the PCRA court erroneously require the Appellant to prove his claims for relief in his PCRA petition?

\* \* \*

6.  Did court-appointed PCRA counsel provide ineffective assistance of counsel?

\* \* \*

7.  Did the PCRA court deny Appellant his rule-based right to effective assistance of counsel through the PCRA proceedings?

(Doc. 15-3 at 18-19, Ex. F, App. Br.)

On October 18, 2010, the Superior Court affirmed the PCRA court decision.

(*See* Doc. 15-2, Ex. A.) On November 12, 2010, George filed a petition for allowance

of appeal, raising the following issues:

1.  Whether the decision of the Superior Court of Pennsylvania is in conflict with the decisions of the United States Supreme Court in *Strickland v. Washington*, 104 S. Ct. 2052 (1985) and *Hill v. Lockhart*, 106 S. Ct. 366 (1985)?

2.  Whether this court needs to reexamine the standard for evaluating claims of after-discovered evidence in light of its conflict with the rationale in *Napue v. Illinois*, 79 S. Ct. 1173 (1959); *Commonwealth v. Sattazahn*, 952 A.2d 640, 657 (Pa. 2008); and *Commonwealth v. Myrick*, 360 A.2d 598, 602 (Pa. 1976)?

3.  Whether the decision of the Superior Court of Pennsylvania is in conflict with the decision of this court in *Commonwealth v. Albrecht*, 720

A.2d 693 (Pa. 1998) and another decision of the Superior Court, *i.e.*
*Commonwealth v. Powell*, 787 A.2d 1017, 1019 (Pa. Super. 2001)?

(Doc. 15-4 at 25, Ex. H, App. Br.)  The Pennsylvania Supreme Court denied allocatur on June 7, 2011.  (Doc. 15-4 at 63, Ex. I, Order.)

On August 9, 2011, George filed the instant habeas petition.  (Doc. 1.)  After being granted an extension of time, (*see* Doc. 7), George filed a supporting memorandum of law on October 14, 2011, (Doc. 8).  Respondents responded to the petition on December 16, 2011.  (Doc. 15.)  George filed his reply brief on February 2, 2012.  (Doc. 18.)  This matter is now ripe for disposition.

## II.  **Discussion**

In his petition, George raises the following claims as grounds for relief: (1) George's rights under the 14th Amendment's due process clause were violated by the PCRA court's failure to apply the laws governing PCRA petitions; (2) trial counsel provided ineffective assistance of counsel in connection with George's guilty plea; and (3) George's guilty plea was not knowingly and voluntarily entered and, therefore, he should be permitted to withdraw it.  In their response to George's petition, Respondents contend the following: (1) George's habeas petition was not timely filed; (2) claims one and three, listed above, should be dismissed because they were not

6

presented in state court; and (3) trial counsel was not ineffective in connection with George's guilty plea.

For purposes of discussion, the court will first address the timeliness of George's habeas petition, followed by a discussion of the claims presented in the petition.

## A.    Timeliness of the Habeas Petition

As stated above, Respondents first argue that the instant § 2254 petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  Upon review, the court finds that the petition has not been timely filed, but will apply equitable tolling in order to consider the claims presented therein.

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28 U.S.C. § 2244(d)(1).  A state prisoner requesting habeas corpus relief

pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant

part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does

not become final until appeals have been exhausted or the time for appeal has expired.

*See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

In the instant case, after entering the guilty pleas, George was sentenced to an

aggregate term of imprisonment of 15 to 30 years by the Dauphin County court on

August 27, 2007. George did not file a direct appeal. Therefore, his conviction

became final on September 27, 2007.[1] *See* 42 Pa. Cons. Stat. Ann. § 9545(b)(3)

---

[1] In Pennsylvania, a criminal defendant has thirty days from the date of his sentence to file a direct appeal with the Superior Court. *See* Pa. Crim. P. 720(a)(3).

("judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). The one-year period for the statute of limitations commenced running as of that date, and expired on September 27, 2008. Hence, the federal petition, which was filed on August 9, 2011, appears to be untimely. However, the court's analysis does not end there. Consideration of both statutory and equitable tolling must be undertaken.

### 1. **Statutory Tolling**

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). On August 21, 2008,[2] George filed a PCRA petition in the Dauphin County court. While a properly-filed PCRA petition will toll the running of

---

[2] In their response to the petition, Respondents assert that the PCRA petition was filed on August 21, 2008. (Doc. 15 ¶ 8.) However, in his reply, George claims that he mailed the PCRA petition on August 19, 2008, and therefore, pursuant to the "prison mailbox rule," his petition was mailed on that date. Generally, the "prison mailbox rule" deems a document of a *pro se* prisoner to be "filed" with the court on the date the prisoner delivers the document to prison officials for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266 (1988). "In the absence of contrary evidence, a court will typically assume that a prisoner presented his or her petition to prison authorities for filing the same date that he or she signed it." *Hodge v. Klopotoski*, No. 08-455, 2009 WL 3572262, at *15 (W.D. Pa. Oct. 26, 2009). For purposes of this discussion, the court will apply George's filing dates.

AEDPA's statute of limitations, an improperly-filed PCRA petition does not have the same effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period. Thus, a state court petition like Tinker's that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled.") (some internal quotations omitted), *reh'g denied*, 273 F.3d 1123 (11th Cir. 2001).

The federal limitations period in the instant case expired on September 27, 2008. George filed a PCRA petition in the Dauphin County court on August 19, 2008. As a result, the statute of limitations became tolled at the point. Prior to his filing date, the statute began running on September 27, 2007, the date his conviction became final. It was not tolled until August 19, 2008, when George timely filed his PCRA petition. By this time, approximately 327 days already had elapsed. On June 7, 2011, the Pennsylvania Supreme Court denied George's petition for allowance of appeal, at which time the statutory tolling ceased to apply and the § 2244(d)(1) filing deadline resumed. Thus, the filing deadline for the instant habeas petition expired on or about July 15, 2011 (June 7, 2011 plus the 38 days remaining on the statute prior to tolling by filing of PCRA petition). Based on the foregoing, since the instant petition

was not filed until August 9, 2011, it is clear that George failed to file his action within the requisite one-year statutory deadline, and the petition may be dismissed as untimely.

In his reply, George asserts that he placed the instant petition in the prison mailbox on July 25, 2011, and thus, according to the "prison mailbox rule," *see supra* note 2, at 9, his petition should be deemed filed on July 25, 2011.[3] (Doc. 18 at 2.) Even using the date of July 25, 2011 as a filing date, George's petition was filed after the expiration of the time limits set forth in § 2244(d).

## 2.   **Equitable Tolling**

The federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances. *See Holland v. Florida*, — U.S. — , 130 S. Ct. 2549, 2562 (2010); *see also LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (quotations omitted). Generally, a petitioner seeking equitable tolling must show (1) that he "has in some extraordinary way been prevented from asserting his or her rights;" and (2) that "he or she exercised

---

[3]   The envelope mailed by the prison indicates a date of August 5, 2011.  (Doc. 1 at 15.)

reasonable diligence in investigating and bringing [the] claims." *Id.* (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2003)). The Third Circuit Court of Appeals has held that equitable tolling applied in the following extraordinary circumstances: (1) when the defendant actively misled the plaintiff; (2) when the plaintiff had, in some extraordinary way, been prevented from asserting his rights; or (3) when the plaintiff timely asserted his rights but did so in the wrong forum by mistake. *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) (quoting *Fahy*, 240 F.3d at 244).

Courts rarely grant equitable tolling on the basis that a prison lacks habeas forms or other legal materials. *See, e.g.*, *Rios v. Tennis*, No. 05-6640, 2008 WL 2952352, at *8 (E.D. Pa. July 29, 2008); *Bonilla v. Ricks*, No. 00 Civ. 7925, 2001 WL 253605, at *2 (S.D.N.Y Mar. 14, 2001). For example, in *Garrick v. Diguglielmo*, 162 F. App'x 122, 125 (3d Cir. 2005), the Third Circuit Court refused to grant equitable tolling when a prison lacked habeas forms. However, there was evidence that the prison did, in fact, have the forms and that Garrick himself exercised no reasonable diligence in pursuing his rights, but rather "[sat] on his rights" for months after his PCRA proceedings became final before seeking relief in federal court. *Id.* at 124-25.

In this case, the court concludes that George's lack of access to the habeas forms constituted an extraordinary circumstance. In his reply, George argues that he

is entitled to equitable tolling because he was in an extraordinary way prevented from asserting his rights in a timely manner. Specifically, George's excuse for the delay in filing his habeas petition is that he did not have the court's habeas forms in time to timely file the petition. In support, he asserts that after the Pennsylvania Supreme Court denied George's petition for allowance of appeal on June 7, 2011, he wrote to the Clerk of Court to request habeas forms approximately one week later, but the Clerk's Office did not send the forms until July 15, 2011, which he received July 20, 2011.[4] (Doc. 18 at 3.) He claims that he completed the petition at that time and placed it in the prison mailbox for mailing on July 25, 2011. (*Id.*) While the July 25, 2011 date is ten days after the filing deadline, George's assertions show that he was diligent in pursuing his rights. He tried to obtain habeas forms almost immediately after receiving the Pennsylvania Supreme Court's denial of allocatur of his PCRA action. *Cf. Rios*, 2008 WL 2952352, at *8 (holding that equitable tolling did not apply in part because petitioner waited three months after his PCRA appeal was denied before attempting to secure the habeas forms). Unlike the petitioners in *Rios*, *Garrick*, and similar cases, George did not "sit on his rights" for an extended period of time

---

[4] The docket in this case does indicate that George mailed a letter to the Clerk's Office on June 12, 2011, requesting habeas forms. (Doc. 19.) A notation from the Clerk's Office on that letter indicates that forms were sent to George on July 15, 2011. (*Id.*)

13

before filing his § 2254 petition. Rather, George filed his habeas petition a mere ten days late after having only two months to research and write his petition. Thus, because George diligently pursued his federal habeas rights, the court concludes that the limitations period should be equitably tolled from June 7, 2011, the date George received the Pennsylvania Supreme Court's denial of allocatur in his PCRA action, until his receipt of the habeas forms by this court's Clerk of Court on July 20, 2011. Tolling the limitations period until this time results in a § 2244 deadline of August 27, 2011. Accordingly, using the July 25, 2011 filing date, *see supra*, Part II.A.1, George's habeas petition was timely filed.

## B. Claims Presented in the Habeas Petition

### 1. Standards of Review

On April 24, 1996, AEDPA went into effect and amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254. A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on

the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

Before a court may review a § 2254 petition, the petitioner must demonstrate exhaustion of state court remedies and lack of procedural default.[5]  Only then may the court examine the merits of the petition.

### a.    <u>Exhaustion and Procedural Default</u>

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

---

[5] 28 U.S.C. § 2254(b)(1) provides the following:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

15

To satisfy the statutory requirements, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).

A petitioner bears the burden of demonstrating that he has "fairly presented" his claims to the state's highest court, either on direct appeal or in a state post conviction proceeding.[6] *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *see also McMahon v. Fulcomer*, 821 F.2d 934, 940 (3d Cir. 1987). A petitioner fairly presents his claim when he presents the same factual and legal basis for the claim to the state courts. *Nara v. Frank*, 488 F.3d 187, 197-98 (3d Cir. 2007); *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995). In addition, the state court must be put on notice

---

[6] Pursuant to Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the Pennsylvania Superior Court are considered exhausted for the purpose of federal habeas corpus relief under section 2254. *See In re: Exhaustion of States Remedies in Criminal and Post-Conviction Relief Cases*, No. 218, Judicial Administration Docket No. 1 (May 5, 2000) (per curiam).

that a federal claim is being asserted. *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001).

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *Lines*, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750; *Caswell v. Ryan*, 953 F.2d 853, 857, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors . . .

17

created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting [the entire proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger*, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Even when a petitioner properly exhausts a claim, a federal court may not review it on the merits if a state court's decision rests on a violation of a state procedural rule that is independent of the federal question presented and adequate to support the judgment. *Whitney v. Horn*, 280 F.3d 240, 252-53 (3d Cir. 2002); *Leyva v. Williams*, 504 F.3d 357, 365-66 (3d Cir. 2007).

Further, if a respondent in a federal habeas proceeding fails to raise the issue of procedural default, the court may do so *sua sponte*. *Yeatts v. Angelone*, 166 F.3d 255, 261-62 (4th Cir. 1999) (citing *Hull v. Freeman*, 932 F.2d 159, 164 n.4 (3d Cir. 1991), *overruled on other grounds by Caswell v. Ryan*, 953 F.2d 853 (3d Cir. 1992)).

Moreover, a federal habeas court may decide that a habeas petitioner has procedurally defaulted a claim even though no state court has previously decided that the claim was procedurally barred under state law. *See, e.g.*, *Carter v. Vaughn*, 62 F.3d 591, 595 (3d Cir. 1995) (requiring the federal district court to determine whether the petitioner's failure to appeal in the state court constituted a waiver under state procedural law that barred state courts from considering the merits and, therefore, constituted a procedural default for habeas purposes even though no state court had made a determination that petitioner's failure to appeal constituted waiver under state law); *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998).

## b. <u>Merits</u>

Once a court has determined that the exhaustion requirement is met, and therefore that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). That section states, in relevant part, that exhausted claims that have been adjudicated on the merits by the state courts are subject to review under the standard of whether they are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding," §

2254(d)(2).  AEDPA places the burden on the petitioner to make this showing.

*Williams v. Taylor*, 529 U.S. 362 (2000).

In a recently issued opinion, the Third Circuit Court set forth the following

description of the framework for analysis required under § 2254(d):

> Consistent with Supreme Court precedent, we read § 2254(d) to
> require three distinct legal inquiries.  *See, e.g., Harrington v. Richter*, —
> U.S. —, 131 S. Ct. 770, 785, 178 L.Ed. 2d 624 (2011).  The first is
> whether the state court decision was "contrary to . . . clearly established
> Federal law, as determined by the Supreme Court of the United States."
> § 2254(d)(1).  The second is whether the state court decision "involved
> an unreasonable application of" such law.  § 2254(d)(1).  And the third is
> whether the state court decision "was based on an unreasonable
> determination of the facts in light of the evidence presented" to the state
> court.  § 2254(d)(2).

> The test for § 2254(d)(1)'s "unreasonable application of" clause is
> as follows: "[a]n 'unreasonable application' occurs when a state court
> 'identifies the correct governing legal principle from [the Supreme]
> Court's decisions but unreasonably applies that principle to the facts' of
> petitioner's case."  *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S. Ct.
> 2456, 162 L.Ed. 2d 360 (2005) (quoting *Wiggins v. Smith*, 539 U.S. 510,
> 519, 520, 123 S. Ct. 2527, 156 L.Ed. 2d 471 (2003)).  For purposes of
> § 2254(d)(1), "[i]t is not enough that a federal habeas court, in its
> independent review of the legal question, is left with a firm conviction
> that the state court was erroneous."  *Lockyer v. Andrade*, 538 U.S. 63, 75,
> 123 S. Ct. 1166, 155 L.Ed. 2d 144 (2003) (internal quotations omitted).
> "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal
> habeas court may not issue the writ simply because that court concludes
> in its independent judgment that the relevant state-court decision applied
> clearly established federal law erroneously or incorrectly."  *Id*. at 75-76,

123 S. Ct. 1166 (quoting *Williams v. Taylor*, 529 U.S. 362, 411, 120 S. Ct. 1495, 146 L.Ed. 2d 389 (2000)).  Rather, "[t]he state court's application of clearly established law must be objectively unreasonable" before a federal court may grant the writ.  *Andrade*, 538 U.S. at 75, 123 S. Ct. 1166.

The test for § 2254(d)(2)'s "unreasonable determination of facts" clause is whether the petitioner has demonstrated by "clear and convincing evidence," § 2254(e)(1), that the state court's determination of the facts was unreasonable in light of the record.  *See Rice v. Collins*, 546 U.S. 333, 338-339, 126 S. Ct. 969, 163 L.Ed. 2d 824 (2006) ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'") (quoting § 2254(e)(1)) (citing *Miller-El v. Dretke*, 545 U.S. 231, 240 125 S. Ct. 2317, 162 L.Ed. 2d 196 (2005)); *see also Simmons v. Beard*, 590 F.3d 223, 231 (3d. Cir. 2009) ("Under the § 2254 standard, a district court is bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence.").  Importantly, the evidence against which a federal court measures the reasonableness of the state court's factual findings is the record evidence at the time of the state court's adjudication.  *Cullen v. Pinholster*, — U.S. —, — – —, 131 S. Ct. 1388, 1401-03, 179 L.Ed. 2d 557 (2011).

*Rountree v. Balicki*, 640 F.3d 530, 537-38 (3d Cir. 2011); *see also Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (where it is the state court's application of governing federal law that is challenged, "the state court's decision must be shown to be not only erroneous, but objectively unreasonable") (internal citations and quotations omitted); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination

was incorrect but whether that determination was unreasonable - a substantially higher threshold").  Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record.  28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  Only when the finding lacks evidentiary support in the state court record, or is plainly controverted by the evidence, should the federal habeas court overturn a state court's factual determination.  *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

## 2.    Claim One - Denial of Due Process in PCRA Proceedings

George first contends that his 14th Amendment due process rights were violated by the PCRA court's failure to apply the laws governing PCRA petitions.  Specifically, as stated in his objection to the notice to dismiss the PCRA petition, George claims that the PCRA court denied his right to due process when its notice of intent to dismiss the PCRA petition "did not address any of [his] claims for relief independently and with enough specificity to constitute 'notice' under the requirements of the due process clause of the Fourteenth Amendment."  (Doc. 8 at 7.)

He also claims that "it would be premature and a violation of due process to dismiss [his] petition before Petitioner and counsel have had an opportunity to fully develop and investigate all of his potential issues." (*Id*.)

In their response, Respondents claim that George did not present this issue to the state courts in his PCRA petition, in the appeal of the dismissal of his PCRA petition, or in his allocatur petition. George disputes this contention, asserting that he presented his claim in his objection to the PCRA court's notice of intent to dismiss the PCRA petition and in his appeal to the Superior Court. Here, even assuming that George did, in fact, exhaust this claim in the state courts, the claim itself does not state a cognizable claim for federal habeas corpus relief. A federal court does not have jurisdiction to provide habeas relief unless a petitioner alleges that his conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). As a result, the "federal role in reviewing an application for habeas corpus relief is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceedings does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998); *see Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("[H]abeas proceedings are not the appropriate forum . . . to pursue claims of error at

the PCRA proceeding . . . . It is the original trial that is the 'main event' for habeas

purposes.").  As explained by the Third Circuit in *Lambert*:

> We have often noted the general proposition that habeas proceedings are
> "hybrid actions"; they are "independent civil dispositions of completed
> criminal proceedings."  Federal habeas power is "limited . . . to a
> determination of whether there has been an improper detention by virtue
> of the state court judgment."

*Lambert*, 387 F.3d at 247 (quoting *Hassine*, 160 F.3d at 954-55) (internal citations

omitted).

George's challenge of the method by which the PCRA court addressed his

claims represents an argument that the PCRA process was defective as to him.

Challenges concerning alleged errors in collateral proceedings are clearly outside the

scope of federal habeas review.  *See Abu-Jamal v. Horn*, 520 F.3d 272, 297 (3d Cir.

2008), *rev'd on other grounds*, *Beard v. Abu-Jamal*, — U.S. —, 130 S. Ct. 1134

(2010) (claim that petitioner was denied due process during post-conviction

proceedings is not a cognizable claim under federal habeas review); *Lambert*, 387

F.3d at 247 (petitioner's claim of evidentiary misconduct by the Commonwealth

during a PCRA hearing is not a cognizable claim for purposes of federal habeas

review); *Hassine*, 160 F.3d at 954; *Beeman v. Ortiz*, 161 F. App'x 767, 769 (10th Cir.

2006) (finding that an attack on state post-conviction procedures is not cognizable

24

under § 2254); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002) ("relief may not be granted to a habeas petitioner for alleged deficiencies in a state's post-conviction procedure").

Further, construing George's claim as an argument that the PCRA court should not have dismissed his PCRA petition without first holding an evidentiary hearing, obviously such a claim could not have been presented on direct appeal or in his PCRA action itself. Nevertheless, it is not a claim upon which this court may grant habeas relief. *See* 28 U.S.C. § 2254(a) (making habeas relief available "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"). George's current incarceration is not the result of a defect in the PCRA process, nor does the PCRA process set forth at 42 Pa. Cons. Stat. § 9541 *et seq.* create any due process rights to an evidentiary hearing. *See, e.g.*, *Commonwealth v. Barbosa*, 819 A.2d 81, 85 (Pa. Super. Ct. 2003) (observing that the right to an evidentiary hearing is not absolute and that no hearing is necessary if the PCRA court can determine from the record that no genuine issues of material fact exist); Pa. R. Crim. P. 907(1) (providing that a court may give notice of intent to dismiss if it determines from papers that "no purpose would be served by any further proceedings"). Thus, for the reasons stated herein, George's claim that his due

process rights were violated by the PCRA court's failure to apply the laws governing PCRA petitions is not a viable claim for purposes of habeas review and will be dismissed.

### 3. Claim Two - Ineffective Assistance of Counsel in Connection with the Guilty Plea

In his second claim for habeas relief, George claims that he was denied effective assistance of counsel prior to, and during, his guilty plea proceeding. He generally contends that his guilty plea was based on the lack of advice of his plea counsel. More specifically, George argues that his plea counsel did not investigate his case before advising him to plead guilty; did not advise him on the elements of the charges he potentially could have faced at trial; did not discuss with him any potential defenses; and did not protect his right to a speedy trial. George argues that, but for counsel's lack of, or poor, advice, he would not have waived his right to a jury trial. In discussing this claim, the court will first address whether George's guilty plea was knowing, intelligent, and voluntary, followed by whether counsel was ineffective in connection with the plea proceeding.

### a. Guilty Plea

The Fifth Amendment to the United States Constitution requires that waivers of constitutional rights must be made knowingly, intelligently, and voluntarily. *See Brady v. United States*, 397 U.S. 742, 748 (1970). Specifically, a defendant entering into a guilty plea must be informed of maximum sentences, mandatory fines, and mandatory minimum sentences. *See Jamison v. Klem*, 544 F.3d 266, 278 (3d Cir. 2008).

Here, the Pennsylvania Superior Court reviewed George's plea colloquy under the following standard:

> A valid guilty plea must be knowingly, voluntarily and intelligently entered. *Commonwealth v. Pollard*, 832 A.2d 517 (Pa. Super. 2003). The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764 (Pa. Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. *Commonwealth v. Watson*, 835 A.2d 786 (Pa. Super. 2003). This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Commonwealth v. Muhammad*, 794 A.2d 378 (Pa. Super. 2002).
>
> Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving

otherwise. *Pollard, supra*. A defendant who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id*. at 523. Generally, where a defendant asserts in the plea process that he is satisfied with counsel's representation, he cannot later claim that counsel's representation was ineffective. *Lewis, supra*.

(Doc. 15-4 at 8-9, Ex. G.) Pennsylvania's test correlates with *Brady*'s command that a valid guilty plea is one that is made voluntarily, knowingly, and intelligently.[7] Thus, the plea colloquy test applied by the state court is not contrary to clearly established Supreme Court precedent.

Turning to the second step of the § 2254 analysis, an objective evaluation of the state court's decision shows that it was not an unreasonable determination of the facts in light of the evidence. Initially, all six questions required under Pennsylvania law were addressed in the plea colloquy and were answered by George. (Doc. 15-2 at 22-28, Ex. B.) Additionally, George testified that he entered into the guilty plea voluntarily, knowingly, and intelligently. (*Id*. at 31, 33.) The trial court concluded that the plea agreement was "an accurate reflection of justice in this particular case," and accepted it. (*Id*. at 42-43.) Based on the facts of record, the guilty plea was in

---

[7] Although the Superior Court did not cite *Brady* directly, "[a] state court decision is not contrary to . . . clearly established Federal law simply because the [state] court did not cite [applicable Supreme Court precedent]." *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

accordance with Pennsylvania law, and thus with *Brady*. Furthermore, the sentence

was not an unreasonable application of *Brady* and its progeny because George was

informed of the necessary requirements of a guilty plea. Specifically, the district

attorney, with the consent of the court, explained to George, and George confirmed his

understanding of, the standard sentencing range, potential maximum fines, the

maximum sentence, and any parole issues. (*Id*. at 24-28.) With respect to the

possibility of consecutive sentences, the court had the following exchange with

George:

> The court: Mr. George, I just want to be crystal clear, to the extent that I can make [the sentence] concurrent with your technical violations I would do that. But I'm not even so sure I can do that. I just want to be clear with you that that may not happen. Do you understand that?
>
> [George]: (Nods head.)
>
> The court: I'm recommending it. I'm stating that for the record. But that can be ignored by the Parole Board. Do you understand that?
>
> [George]: Yes.
>
> The court: I just don't want you - - I want to be crystal clear about that. You understand it?
>
> [George]: (Nods head.)

(*Id*. at 28.)  Under these circumstances, the court concludes that George's guilty plea was constitutional and therefore his claim that the plea was invalid is meritless.

### b.      <u>Ineffective Assistance of Counsel</u>

As stated above, George also alleges that his plea counsel was ineffective leading up to, and during, the plea proceeding.  Counsel at plea proceedings is ineffective if the defendant can show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Where a criminal defendant enters a guilty plea upon the advice of counsel, the voluntariness of that plea can depend on whether "counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).  The *Strickland* test is to be applied to challenges to guilty pleas based on ineffective assistance of counsel.  *Id*. at 57.  However, in the context of a challenge to a guilty plea, to satisfy the *Strickland* prejudice requirement, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59.  In addition, counsel cannot be

deemed ineffective for failing to raise a meritless claim. *See United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

In the instant case, the Pennsylvania Superior Court reviewed George's ineffective assistance of counsel claim under the following standard:

> The law presumes counsel has rendered effective assistance. *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa. Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). When asserting a claim of ineffective assistance of counsel, the petitioner is required to make the following showing: (1) that the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Gonzalez, supra*.

(Doc. 15-4 at 7, Ex. G.)[8]

---

[8] With respect to its standard, in this case the Superior Court also added:

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit . . . ." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa. Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

While the Superior Court did not cite *Strickland*, the Third Circuit Court of

Appeals has held that Pennsylvania's ineffective assistance of counsel test is not

contrary to *Strickland*.  *See Jacobs v. Horn*, 395 F.3d 92, 106 n.9 (3d Cir. 2005)

(citing *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000)) (holding that

Pennsylvania's three-prong test corresponds with *Strickland*'s two-prong test).

---

> Prejudice is established when [a defendant] demonstrates that
> counsel's chosen course of action had an adverse effect on the
> outcome of the proceedings.  The defendant must show that there is a
> reasonable probability that, but for counsel's unprofessional errors, the
> result of the proceeding would have been different.  A reasonable
> probability is a probability sufficient to undermine confidence in the
> outcome.  In [*Kimball, supra*], we held that a "criminal defendant
> alleging prejudice must show that counsel's errors were so serious as
> to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some
internal citations and quotation marks omitted).

When an ineffectiveness claim is brought in conjunction with the entry of a guilty
plea:

> Claims of counsel's ineffectiveness in connection with a guilty plea
> will provide a basis for relief only if the ineffectiveness caused an
> involuntary or unknowing plea.  This is similar to the manifest
> injustice standard applicable to all post-sentence attempts to withdraw
> a guilty plea.  The law does not require that appellant be pleased with
> the outcome of his decision to enter a plea of guilty: All that is
> required is that [appellant's] decision to plead guilty be knowingly,
> voluntarily, and intelligently made.

*Commonwealth v. Lewis*, 708 A.2d 497, 500-01 (Pa. Super. 1998), *appeal denied*,
555 Pa. 741, 725 A.2d 1219 (1998) (quoting *Commonwealth v. Yager*, 685 A.2d
1000, 1004 (Pa. Super. 1996) (en banc)) (internal quotation marks omitted).

(Doc. 15-4 at 7-8, Ex. G.)

Hence, the ineffective assistance of counsel test applied by the Superior Court in this case was not contrary to clearly established Supreme Court precedent.

Further, an objective evaluation of the Superior Court's decision shows that its decision with respect to counsel's effectiveness during the plea proceeding was not unreasonable. As discussed *supra*, Part II.B.3.a, there were no defects to George's guilty plea, and therefore any potential claim raised by George's counsel would have been without merit. Because counsel cannot be ineffective for failure to raise a meritless claim, George's counsel is not ineffective for failing to challenge the constitutionality of the guilty plea. *See Saunders*, 165 F.3d at 253.

Turning to George's claim that counsel was ineffective prior to the plea proceeding, as the Superior Court points out, George himself testified that he was satisfied with his counsel's performance. (Doc. 15-4 at 11, Ex. G.) As stated by the Superior Court,

> Importantly, the record belies [George]'s claim that plea counsel was somehow ineffective. The district attorney specifically asked [George] if he was satisfied with plea counsel's representation, and [George] responded, "Yes." (*Id*. at 13.) The court made similar inquiries:

> THE COURT: All right. I want to point out that counsel - are you satisfied with counsel's representation to this point as well?

> [GEORGE]: Yes.

> THE COURT:        [Plea counsel] is experienced counsel.
>                   You're satisfied with his representation
>                   in this matter as well?
>
> [GEORGE]:         Yes.

> (*Id*. at 16.) Here, [George] expressed his satisfaction with plea counsel's
> representation on three occasions. [George] is bound by these
> statements, and he cannot now claim that plea counsel's representation
> was deficient. *See Pollard, supra; Lewis, supra*. Under the totality of
> these circumstances, [George] entered a knowing, voluntary, and
> intelligent guilty plea to the offenses, following an adequate oral
> colloquy. *See Muhammad, supra*. Therefore, [George]'s allegations of
> counsel's ineffectiveness lack arguable merit. *See Pierce, supra*;
> *Poplawski, supra*.

(*Id*.) Further, at the colloquy, when asked by the court if he had discussed his case

with his attorney, George responded, "Yes." (Doc. 15-2 at 31, Ex. B.)

When presented with such a claim of ineffectiveness prior to a plea proceeding,

this court has previously noted that:

> When analyzing the actions of a defense counsel in terms of a guilty plea,
> we note that there is no necessity for a defense attorney to do all of the
> work related to trial strategy. How a lawyer acted or failed to act is
> different in a case that was plea bargained versus a case that progressed
> to trial and verdict. In this case, the Defendant admitted guilt so the issue
> becomes whether or not the plea bargain was a valid one.

*Thier v. United States*, 31 F. Supp. 2d 424, 430 (3d Cir. 1998). Similar to the

defendant in *Thier*, George knowingly, intelligently, and voluntarily admitted his guilt

at the plea proceeding. Therefore, the issue becomes whether or not a reasonable

probability exists that, but for counsel's errors, George would have proceeded to trial instead of pleading guilty. Upon consideration of the information elicited in the oral colloquy, the Superior Court's decision on this issue is not an unreasonable application of the *Strickland* test, nor is it an unreasonable application of the facts in light of the evidence presented in state court. Therefore, under these circumstances, George's claim that counsel was constitutionally ineffective prior to the plea proceeding is without merit.

In sum, the court finds that the state court correctly applied the standards established in *Brady* and *Strickland* and reasonably determined that George's guilty plea was constitutional and that George's counsel was not ineffective. Accordingly, habeas relief on this ground will be denied.

### 4. Claim Three - Knowing and Voluntary Guilty Plea

In his third claim for relief, George argues that his guilty plea was not knowingly and voluntarily entered and, therefore, he should be permitted to withdraw it. In their response to the instant petition, Respondents claim that George did not present this claim in his PCRA petition, in the appeal of the dismissal of his PCRA petition, or in his allocatur petition, and therefore it is defaulted.

Initially, the court notes that George did not present this issue in his *pro se* PCRA petition. Rather, George raised three claims asserting ineffective assistance of counsel and a claim relating to the availability of exculpatory evidence. (Doc. 15-2 at 52, Ex. C.) In its memorandum opinion and order notifying George its intent to dismiss the PCRA petition without holding an evidentiary hearing, the PCRA court addressed George's guilty plea only in the context of an ineffectiveness claim. (Doc. 15-2 at 83-86, Ex. D.) On appeal, the Pennsylvania Superior Court addressed the plea in the same manner. (Doc. 15-4 at 7-11, Ex. G.) Here, on federal habeas review, because the court has already determined that this claim related to his guilty plea and underlying his ineffectiveness claim is meritless, *supra*, Part II.B.3, it need not further address this claim, regardless of its procedural posture. Habeas relief on this ground will be denied.

5. **Requests for Evidentiary Hearing, Appointment of Counsel, and Discovery**

George seeks the assistance of court-appointed counsel, as well as discovery and an evidentiary hearing. These requests will be denied.

A district court has discretion to grant an evidentiary hearing if the petitioner meets the limitations of section 2254(e)(2).[9] *Goldblum v. Klem*, 510 F.3d 204, 220-21 (3d Cir. 2007). The decision to hold an evidentiary hearing should focus on whether the hearing would be meaningful. *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000). A petitioner bears the burden of "forecast[ing] . . . evidence beyond that already contained in the record' that would help his cause, 'or otherwise . . . explain[ing] how his claim would be advanced by an evidentiary hearing.'" *Id*. (quoting *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)). An evidentiary hearing "is not required on issues that can be resolved by reference to the state record." *Id*. at 221 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)).

The record in this case is sufficient to allow review of George's claims, which are either non-cognizable, defaulted, or meritless. Furthermore, George has failed to demonstrate how an evidentiary hearing could assist him in avoiding those inevitable legal conclusions. Thus, the court finds no basis on which an evidentiary hearing would be meaningful, and the request will be denied.

---

[9] A federal court cannot hold an evidentiary hearing unless the applicant shows the claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered, or the applicant shows the "facts underlying the claim would be sufficient to establish . . . that but for the constitutional error, no reasonable factfinder would have found the applicant guilty." 28 U.S.C. § 2254(e)(2).

Further, there is no constitutional right to counsel in a federal habeas proceeding in a non-capital case. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991). However, a court may appoint counsel to represent an indigent petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Here, George has coherently articulated the issues presented in his habeas petition. The issues are clearly presented, allowing the court to review them without resorting to speculation or guesswork. Moreover, the state court record contains several written decisions of the trial and appellate courts, as well as a complete transcript of the plea proceeding. Under these circumstances, there is no need for further evidentiary hearings in federal court and the interests of justice do not require appointment of counsel. *See Reese*, 946 F.2d at 263-64. The request for appointment of counsel will be denied.

Finally, habeas petitioners are not entitled to discovery "as a matter of right." *Harris v. Nelson*, 394 U.S. 286, 295 (1969). The rules governing federal habeas corpus proceedings require leave of court before engaging in discovery, which may be granted "for good cause." Rule 6(a), 28 U.S.C. foll. § 2254. "A party requesting discovery must provide reasons for the request," and must specify which documents, admissions, or proposed interrogatories it seeks. *Id*. at Rule 6(b).

Like with his request for an evidentiary hearing, the record in this case is sufficient to allow review of George's claims, which are either non-cognizable, defaulted, or meritless. Furthermore, George has failed to demonstrate how further discovery could assist him in avoiding those inevitable legal conclusions. Thus, the court finds no good cause for authorizing discovery here, and the request will be denied.

## III.  Conclusion

For the foregoing reasons, the petition for writ of habeas corpus will be denied. Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a petition under 28 U.S.C. § 2254, the district court must make a determination as to whether a certificate of appealability should issue. 3d.Cir. L.A.R. 22.2. A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529

U.S. 473, 484-5 (2000) (internal citations and quotations omitted).  In the present

matter, the court concludes that reasonable jurists would not debate whether the court

properly resolved the issues presented.  As such, a certificate of appealability will not

issue.

An appropriate order will issue.

                                            s/Sylvia H. Rambo
                                        United States District Judge

Dated:  October 2, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM GEORGE,** | : | **CIVIL NO. 1:11-CV-01462** |
| | : | |
| **Petitioner** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **MARIROSA LAMAS,** *et al.*, | : | |
| | : | |
| **Respondents** | : | |

# O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2) Petitioner's requests for an evidentiary hearing, appointment of counsel, and discovery, are **DENIED**.

3) A certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c)(1).

4) The Clerk of Court is directed to **CLOSE** this case.

s/Sylvia H. Rambo
United States District Judge

Dated: October 2, 2012.